ROBERT CALHOUN, JR., Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent
Calhoun v. Commissioner
Docket No. 8107-91
United States Tax Court
T.C. Memo 1992-246; 1992 Tax Ct. Memo LEXIS 264; 63 T.C.M. (CCH) 2874; April 27, 1992, Filed *264 Decision will be entered under Rule 155. Robert Calhoun, Jr., pro se. Janet F. Appel, for respondent. WOLFE
WOLFE
MEMORANDUM FINDINGS OF FACT AND OPINION WOLFE, Special Trial Judge: This case was heard pursuant to the provisions of section 7443A(b)(3) and Rules 180, 181, and 182. [1]
Respondent determined a deficiency of $ 280 in petitioner's 1988 Federal income tax and additions to tax for that year under section 6651(a)(1) in the amount of $ 71 and under section 6653(a)(1) in the amount of $ 9. After concessions, with respect to petitioner's 1988 taxes we must decide: (1) Whether petitioner is considered a "married individual" or an "unmarried individual" for purposes of computing the tax due on his taxable income; (2) whether petitioner is liable for the addition to tax for negligence under section 6653(a); and *265 (3) whether petitioner is liable for the addition to tax for failure to file his return timely under section 6651(a)(1). FINDINGS OF FACT Some of the facts have been stipulated, and the stipulation of facts and attached exhibits are incorporated by this reference. Petitioner resided in Jamaica, New York, when he filed the petition. Petitioner filed his U.S. Individual Income Tax Return, Form 1040, for the taxable year ended December 31, 1988, on November 13, 1989. Petitioner never filed a request for an extension of time in which to file his 1988 income tax return. Petitioner indicated his filing status as single on this return. On September 9, 1975, petitioner's former spouse obtained a judgment of divorce from the Supreme Court of the State of New York. At the time of the judgment, petitioner's former spouse was domiciled in New York. No appellate court for the State of New York has overturned, reversed, or otherwise modified the judgment of divorce obtained by petitioner's former spouse on September 9, 1975. In response to certain collection actions taken by respondent with respect to petitioner's taxable years 1978 through 1982, and 1987, petitioner filed suit against *266 the United States, the Internal Revenue Service, and the State of New York on September 13, 1990, in the U.S. District Court for the Eastern District of New York, in which petitioner alleged that the judgment of divorce obtained on September 9, 1975, denied him due process. The District Court dismissed petitioner's suit as to the State of New York on Eleventh Amendment grounds. The District Court also dismissed the suit as to the United States and the Internal Revenue Service. On June 14, 1991, petitioner timely filed an appeal to the U.S. Court of Appeals for the Second Circuit from the dismissal as to all defendants by the District Court. This appeal was dismissed on November 26, 1991. No Federal court has overturned, reversed, or otherwise modified the judgment of divorce obtained on September 9, 1975. On December 31, 1988, petitioner was not married. OPINION Respondent's determinations are presumed correct, and petitioner has the burden of proving otherwise. Rule 142(a). Petitioner argues that it is within this Court's discretion to decide whether the Supreme Court of the State of New York had jurisdiction to issue the judgment of divorce. Petitioner also argues that *267 we have discretion to determine the judgment's validity. The determination of whether an individual is married for purposes of determining his filing status under section 1 is made as of the last day of such individual's tax year, unless his spouse dies during such tax year in which event the determination is made as of the date of the death of such spouse. Sec. 7703(a)(1); see sec. 1. An individual legally separated from his spouse under a decree of divorce or separate maintenance shall not be considered as married. Sec. 7703(a)(2). For Federal income tax purposes, the determination of the marital status of the parties must be made in accordance with the law of the State of the marital domicile. Eccles v. Commissioner, 19 T.C. 1049, 1051 (1953), affd. per curiam 208 F.2d 796 (4th Cir. 1953). The rationale for deferring to State law is that domestic relations is "an area that has long been regarded as a virtually exclusive province of the States." Sosna v. Iowa, 419 U.S. 393, 404 (1975). Petitioner's former spouse obtained a judgment of divorce in accordance with the law of her domicile, New York. Although petitioner *268 has contested this judgment, no appellate court for the State of New York has overturned, reversed, or otherwise modified the judgment of divorce. Moreover, in the present case, petitioner has stipulated that he was not married as of December 31, 1988. Petitioner did not remarry his former spouse or marry another individual prior to the close of 1988. Accordingly, on December 31, 1988, the date of the close of petitioner's 1988 taxable year, he was not a "married individual" within the meaning of section 7703(a). Petitioner's filing status on his 1988 return was single. Even if petitioner had been married that year, he would be required to file married, filing separately, since he and his former spouse did not timely elect to file a joint return. See secs. 1, 6013(b). We note that if we were to allow petitioner to use the married, filing separately tax rates, petitioner would owe taxes in a greater amount than is determined in the statutory notice of deficiency. Additions To Tax
Respondent determined that petitioner was liable for the addition to tax for failure to file timely under section 6651(a)(1). Section 6651(a)(1) provides for an addition to tax for failure *269 to file a return timely as required unless such failure is due to reasonable cause and not due to willful neglect. Petitioner's sole explanation for the late filing of his tax return is that he disputed the validity of the judgment of divorce, and therefore, was unable to determine his marital status for purposes of computing his income tax liability. Petitioner's argument is lacking in merit, and he has not shown reasonable cause for his failure to file his 1988 Federal income tax return timely. Accordingly, respondent's determination is sustained on this issue. Respondent determined that petitioner is liable for the addition to tax for negligence under section 6653(a). Section 6653(a)(1) provides that if any part of the underpayment of tax required to be shown on a return is due to negligence or intentional disregard of rules or regulations, there shall be added to the tax an amount equal to 5 percent of the underpayment. Section 6653(g) provides that if any amount is shown on an information return and the payee fails to properly show such amount on his return, the portion of the underpayment attributable to such failure shall be treated as due to negligence in the absence *270 of clear and convincing evidence to the contrary. The entire underpayment of tax determined by respondent in this case is attributable to amounts received by petitioner for which he received an information return. Petitioner did not present any evidence on this issue. Accordingly, respondent's determination on this issue is sustained. To reflect necessary adjustments, Decision will be entered under Rule 155. Footnotes
1. All section references are to the Internal Revenue Code in effect for the tax year at issue, unless otherwise indicated. All Rule references are to the Tax Court Rules of Practice and Procedure.↩